## EL PUEBLO v. MARTÍNEZ.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 30.—Resuelto en diciembre 15, 1903.

HURTO—HURTO DE USO.—La jurisprudencia americana no reconoce distinción alguna entre el hurto *del uso de una cosa y el hurto de la cosa misma.*

ID.—El acusado en este caso, según la prueba aportada al juicio, sustrajo un caballo que se encontraba en la finca de su dueño y se presume que se trasladó en él 'a un pueblo cercano. *Se resolvió:* que estos hechos brindan suficientes elementos para constituir el delito de hurto, y deducir la intención criminal del acusado, a falta de prueba que justificara que no tuvo intención de apropiarse el caballo definitivamente.

### EXPOSICIÓN DEL CASO.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José C. Ramos.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

EL JUEZ ASOCIADO SR. MACLEARY, emitió la siguiente opinión del tribunal:

Este es un caso claro de hurto de caballo. El recurrente (*) fué convicto del hurto de un caballo, y condenado a la pena de un año de presidio con trabajos forzados. Esta sentencia fué dictada por la Corte de Distrito de Humacao, en 23 de abril de 1903. El delito se alega haber sido cometido en 5 de abril de 1903, y en la acusación se consigna lo siguiente: •

"El citado Gabriel Martínez, en la noche del cinco de abril de 1903, sustrajo, con intención criminal, de una finca sita en el barrio de Collores, que forma parte del distrito arriba citado, un caballo, color zaino lucerito, marcado con las iniciales 'J. J. y A.', perteneciente a Don José Joaquín Alvarez, el que fué encontrado en el depósito de animales del poblado de Juncos. Este hecho es contrario à

la ley promulgada y prevista para casos de esta índole, y contra la paz y dignidad del Pueblo de Puerto Rico.''

El acusado fué juzgado por el tribunal, sin jurado, y los hechos que resultaron probados en el juicio no constan en los autos por falta de excepciones u otro escrito, con excepción de lo que se puede inferir de la misma sentencia. El Sr. Ulpiano Valdez y Cajas, abogado de Humacao, compareció en la causa ante el tribunal de distrito, y preparó el recurso que fué debidamente admitido, después de la convicción. En este tribunal el recurrente fué representado por el Sr. José C. Ramos, presentando éste el escrito de alegación a favor del procesado, e informó oralmente al tribunal, pretendiendo que no había nada en los hechos probados que demostrase que el acusado había tomado el caballo con intención criminal, y que por la circunstancia que el caballo se encontró en el depósito de animales del público, parecía que lo había montado solamente una corta distancia, y luego lo había abandonado en la carretera pública, y que el caballo había sido conducido por la policía al referido depósito. El abogado defensor pretende además que, porque el acusado no se apropió el caballo para su permanente uso particular, y lo abandonó antes de que se le detuviera, resulta que el delito (*) de hurto no fué consumado, y hace varias citas de diferentes autores, y de los tribunales de los Estados Unidos. También cita la ley española para demostrar que un caso de esta índole no sería considerado como hurto de la propiedad, sino solamente como hurto del uso de la misma, distinción que no se hace en nuestros tribunales americanos. Los casos que se citan de Texas, Indiana y New Jersey, no se relacionan suficientemente con la cuestión que ante este tribunal pende, pues los estatutos de dichos Estados son diferentes a los de nosotros. No se hace referencia a las decisiones de los tribunales de última instancia de los Estados de California,

Montana o Idaho, ni de ningún otro Estado que haya adoptado el Código de California, del cual derivamos nuestra ley criminal.

Bajo nuestro estatuto, hurto se define como sigue:

"Artículo 426. Hurto (*larceny*) es el acto de sustraer con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona.

"Artículo 427. El hurto se divide en dos grados: el primero se denomina hurto de mayor cuantía (*grand larceny*), y el segundo, hurto de menor cuantía (*petit larceny*).

"Artículo 428. Hurto de mayor cuantía (*grand larceny*) es el que se comete en cualquiera de los casos siguientes:

"1. Cuando el valor de la propiedad sustraída es de cincuenta dollars o más.

"2. Cuando la propiedad es sustraída de la persona.

"3. Cuando la propiedad es un individuo de la especie caballar, vacuno o asnal."

La prueba muestra que el acusado sustrajo el caballo de la finca de su dueño, situada en el barrio de Collores, y es de presumir que fué montado en él hasta el pueblo de Juncos, y así el delito de hurto es completo. Si él no tuvo intención de apropiar el caballo para su permanente uso particular, debía haber presentado pruebas al efecto. No habiendo evidencia positiva al contrario, la intención criminal queda suficientemente probada por las circunstancias del caso. Se (*) impuso al demandado una pena muy leve, y él no tiene motivo para quejarse. Así es que la sentencia del tribunal de distrito se confirmará.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Sulzbacher.