El Pueblo de Puerto Rico, demandante y apelado, *v.* Eduardo Meléndez Reyes, acusado y apelante.

Núm. 10712.—*Sometido:* Marzo 6, 1945. *Resuelto:* Abril 12, 1945.

*William Luyando Charneco,* abogado del apelante; *R. A. Gómez, Fiscal del Tribunal Supremo,* abogado de El Pueblo, apelado.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El apelante fué convicto de dos delitos de hurto de mayor cuantía y en este recurso el único error que señala es que en las dos acusaciones se dejó de alegar un elemento indispensable del delito imputado, a saber, la intención criminal de privar "absoluta y permanentemente" al dueño de la propiedad hurtada. Las acusaciones se formularon contra el apelante y otro acusado y, en lo pertinente, una de ellas alega que los acusados "ilegal, voluntaria y maliciosamente, con la intención criminal de cometer hurto y privar a su dueño de su legítima pertenencia, sustrajeron de la casa

residencia de la Sra. Carmen Colón Clinchard, un automóvil marca Buick, valorado en la suma de $1,000 perteneciente a y de la propiedad del Teniente Carlos E. Lugo, teniendo los acusados allí y entonces la intención de apropiarse como se apropiaron de dicho automóvil.''

La otra acusación es sustancialmente igual excepto que imputa el hurto de otro automóvil en fecha distinta. Aun cuando el aquí apelante al leérsele la acusación hizo alegación de inocencia y solicitó juicio por jurado, el día señalado para el juicio renunció al juicio por jurado, solicitó juicio por tribunal de derecho y, al serle concedido, hizo alegación de culpabilidad en ambos casos.

El error señalado carece de méritos. El caso de *Pueblo* v. *Acevedo,* 43 D.P.R. 340, citado por el apelante, es cierto que en su primer sumario dice que ''La intención criminal de privar permanentemente al dueño de la propiedad hurtada es un elemento indispensable del delito de hurto,'' pero si se examina la opinión en su totalidad no se encontrará en ella nada que justifique la conclusión a que llega el apelante en cuanto a que sea un requisito indispensable usar la palabra ''permanentemente'' en la denuncia o acusación para que ésta sea suficiente para imputar el delito de hurto. Por el contrario analizando la denuncia después de citar el artículo 426 del Código Penal(¹) y jurisprudencia de California interpretando el artículo 484 equivalente al nuestro, en dicho caso se dijo a la página 345:

''A la luz de la ley y la jurisprudencia citada, examinemos ahora la denuncia presentada en este caso. En ella se alega que el acusado 'voluntaria, maliciosa e ilegalmente sustrajo...una gallina... que tenía un valor de $3 la que negoció . . . privando de esa manera la propiedad de su legítimo dueño el denunciante'.

''La palabra 'voluntariamente' aplicada a la intención con que se ejecute un acto, implica el propósito o voluntad de cometer el

---

(¹)§426.–(484 Cal.) HURTO, DEFINICIÓN.—Hurto (*larceny*) es el acto de sustraer, con intención criminal, bienes muebles o semovientes, pertenecientes a otra persona.

acto y el vocablo 'maliciosamente' denota 'la comisión de un acto dañoso, intencionalmente, sin justa causa o excusa, la esciente infracción de la ley, en perjuicio de otro.' (Artículo 559 del Código Penal). 'Ilegalmente', significa lo que es contrario a la ley y 'sustrajo' tiene en español la significación de 'steal' en inglés. Dice el Diccionario de la Academia Española: 'Substraer . . . 2. Hurtar, robar fraudulentamente. . .'

''Siendo ello así, tenemos una sustracción, esto es, un hurto, cometido en contra de la ley, en este caso el artículo 426 del Código Penal, con la voluntad de cometerlo, y actuando dañosamente, intencionalmente, sin justa causa o excusa. Y si a ello se agrega que en la denuncia se dice además que el acusado negoció la gallina que sustrajo, privando así de su propiedad a su dueño el denunciante, puede y debe concluirse que la falta cometida al no alegarse expresamente la 'intención criminal' que exige el estatuto, quedó subsanada por el uso de otras palabras que implican que el acto imputado se realizó con dicha intención.''

Las acusaciones en los casos objeto de este recurso son más completas que la denuncia en el caso de *Acevedo,* supra, pues se alega en ellas que los acusados ''ilegal, voluntaria y maliciosamente, con la intención criminal de cometer hurto y privar a su dueño de su legítima pertenencia, sustrajeron . . . un automóvil . . . de la propiedad del Teniente Carlos E. Lugo, teniendo los acusados . . . la intención de apropiarse como se apropió de dicho automóvil.''

En el caso de *El Pueblo* v. *Arroyo,* 29 D.P.R. 628, ratificando lo resuelto en el año 1903 en el de *Pueblo* v. *Martínez,* 5 D.P.R. 23, se resolvió que cuando en la denuncia—siguiendo las palabras del estatuto—se alega que el acusado sustrajo, con intención criminal, bienes pertenecientes a otra persona, la misma es suficiente.

■ La intención criminal de privar permanentemente al dueño de la propiedad hurtada es un elemento del delito de hurto que si bien debe ser probado no es necesario que lo sea con prueba afirmativa y directa ya que, como todo elemento que depende de la intención criminal hay que deducirlo de las circunstancias concurrentes. Como se dice en

32 Am. Jur. 1048, sec. 137: "La intención criminal no tiene que ser probada por prueba positiva sino que puede ser inferida de las circunstancias. La sustracción ilegal de la propiedad de otro sin su consentimiento y sin ningún propósito aparente de devolverla es, en ausencia de circunstancias que la expliquen, prueba de una intención de privar al dueño totalmente de su propiedad; pero una intención de devolverla puede ser demostrada por otra prueba."

*Conteniendo las acusaciones en estos casos alegaciones suficientes, no se cometió el único error señalado y en su consecuencia procede la confirmación de las sentencias apeladas.*

El Juez Asociado Sr. De Jesús no intervino.