EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUANA BERRÍOS MARRERO, M65-2231, 2235, 2238, 2253, JORGE HERNÁNDEZ RODRÍGUEZ, M65-2236, acusados y apelantes.

*Número:* CR-67-23      *Resuelto:* 14 de julio de 1967

*F. Gallardo Díaz*, abogado de los apelantes; *J. B. Fernández Badillo, Procurador General, J. F. Rodríguez Rivera, Subprocurador General*, y *Adaljisa Díaz de Collazo, Procuradora General Auxiliar*, abogados de El Pueblo.

PER CURIAM: El fiscal formuló dos acusaciones contra Juana Berríos Marrero por infracción a la Sec. 4 de la Ley de la Bolita, casos números M65-2253 y M65-2238 del Tribunal Superior. Formuló además una acusación por la misma infracción contra Juana Berríos Marrero, Jorge Hernández Rodríguez y Gualberto Benítez Vargas, casos números M65-2235, M65-2236 y M65-2237 del Tribunal Superior. Formuló otra acusación más por infracción a la Ley de la Bolita contra Juana Berríos Marrero y Jorge Hernández Rodríguez, casos números M65-2231 y M65-2232 del Tribunal Superior. Los hechos imputados en las acusaciones ocurrieron en distintos días de los meses de marzo y abril de 1965.

Los casos se vieron conjuntamente. La acusada Juana Berríos Marrero fue declarada culpable en todos y cada uno de los casos y fue sentenciada a cumplir 8 meses de cárcel concurrentemente.

En los casos M65-2231 y 2232 el acusado Jorge Hernández Rodríguez fue declarado inocente y en los casos M65-2235, 2236 y 2237, el acusado Gualberto Benítez Vargas fue declarado inocente y el coacusado Jorge Hernández Rodríguez fue declarado culpable y sentenciado a cumplir 8 meses de cárcel.

■ La acusación radicada contra Jorge Hernández Rodríguez no imputa la comisión de delito según resolvimos en *Pueblo* v. *Trinidad Fernández*, 93 D.P.R. 897 (1967) y ratificado en *Pueblo* v. *Febres Colón*, 95 D.P.R. 172 (1967). Por lo tanto la sentencia contra este acusado debe ser revocada.

Por la misma razón las sentencias dictadas contra la acusada Juana Berríos Marrero en los casos M65-2238, M65-2235, 2236 y 2237 y M65-2231, 2232 deben ser revocadas.

■ Sin embargo en el caso M65-2253 donde se imputa en la acusación hechos cometidos por dicha acusada el día 7 de marzo de 1965, la situación es diferente. La acusación en este caso imputa a la acusada que "tenía en su posesión y dominio material que se utiliza y utilizaba la acusada allí y entonces en el juego ilegal de la bolita y/o bolipool". Esas alegaciones imputan a la acusada la comisión del delito prescrito en la Sec. 4 de la Ley de la Bolita.

La única prueba de cargo presentada contra la acusada consistió en el testimonio del agente encubierto Eduardo E. Martínez. En cuanto a los hechos ocurridos el día 7 de marzo de 1965 se limitó a decir que ese día, como a las 10:30 A.M. se encontraba en el Colmado-Bar "El Buen Trato" sito en la calle Segarra, Pda. 27 de Santurce; que se personó allí la acusada e inquirió de un parroquiano si "iba a jugar" y al éste contestarle en la afirmativa procedió a apuntarle el número que le indicara, o sea, el 417 con $1.50 en un papel blanco de estrasa que tenía dentro de la blusa; que él se le acercó y le preguntó que si eran números de bolita a lo cual ella respondió que sí y el testigo le manifestó que procediera a apuntarle el número 613 con un dólar; que pudo observar

cuando lo apuntó en el mismo papel de estrasa, el cual contenía números de tres cifras seguidos de guión y cantidades a la derecha, números típicos del juego ilegal de la bolita; que no procedió a su arresto inmediato porque con ello descubría su identidad como agente encubierto.

■ En cuanto a la transacción del 19 de marzo de 1965, que también se realizó en el Colmado "El Buen Trato", el agente declaró en términos parecidos. Sin embargo, cuando se le somete a contrainterrogatorio, su testimonio se torna vacilante. Declaró que conocía a la acusada Juana Berríos Marrero porque había recibido una querella de que ella era bolitera. A pesar de que iba con frecuencia al Colmado "El Buen Trato", el agente no pudo decir el nombre del dueño de dicho negocio, a quien veía allí. Tampoco supo de qué color está pintado ese negocio, ni el número de puertas que tenía. En otra serie de detalles contestó que no recordaba.

En relación con la transacción del 28 de marzo declaró que ésta se celebró en la propia casa de doña Juana. Ha visitado esa casa en varias ocasiones, se ha sentado en el balcón de la casa y en la sala, la que según su testimonio, está dividida del comedor por un tabique de madera. Sin embargo, de acuerdo con las fotografías que se presentaron en evidencia y con el testimonio de los que han sido vecinos de doña Juana por muchos años, la casa de doña Juana nunca ha tenido balcón, ni tampoco ha tenido sala y comedor dividido por tabique de madera. Sencillamente la sala y el comedor de la casa de doña Juana es una sola pieza, sin división alguna.

Hay otras circunstancias en el récord que hacen que el testimonio de este agente encubierto sea indigno de crédito.

Por estas razones la prueba de cargo fue insuficiente para establecer la culpabilidad de la apelante más allá de duda razonable. *También se revocará la sentencia apelada y se le absolverá.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Santana Becerra disintió.