EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FELIPE CEDEÑO, acusado y apelante.

*Número:* CR-67-6    *Resuelto:* 27 de octubre de 1967

*Julio I. Rodríguez Torres,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, y Lolita Miranda de Escudero, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El apelante fue convicto de una infracción a la Ley de la Bolita, 33 L.P.R.A. sec. 1250. En apelación ante nos señala

dos errores. En el primero incluye dos cuestiones. Una, que se le acusó por portar, conducir y tener en su posesión material que se podía utilizar y que se estaba utilizando en el juego ilegal de la bolita, mientras que la prueba demostró venta de bolita. La otra cuestión que incluyó el apelante en el primer error señalado se contrae a impugnar la suficiencia de la prueba. En el segundo error que señala hace la ya estereotipada alegación de que la prueba es estereotipada. Esto, naturalmente, es otra forma de impugnar la suficiencia de la prueba.

■ La primera cuestión antes mencionada—la referente a la acusación—no tiene mérito. La ley hace delito tanto el portar, o conducir o tener en su poder una persona el referido material de bolita como el vender bolita. 33 L.P.R.A. sec. 1250. La prueba demostró que el acusado portó y tuvo en su poder dicho material de bolita y que además vendió bolita. El hecho de que se cometan dos delitos o se viole una ley mediante dos modalidades distintas y que se acuse a una persona por solamente un delito o por solamente una de las modalidades comprendidas en la ley, no invalida la acusación. Se ha dicho que no hay un derecho a ser arrestado y ciertamente tampoco hay un derecho a ser acusado.

■ En cuanto al segundo error—la suficiencia de la prueba—tampoco hay mérito. Véase, por ejemplo, el siguiente fragmento de la prueba de cargo. Interroga el fiscal y contesta el agente del orden público.

"¿Ud. conoce a Felipe Cedeño?
Sí, señor.
¿Ud. recuerda haberlo visto allá para esa misma fecha, 27 de junio de 1964?
Sí, señor.
¿En dónde?
Lo ví en la Plaza del Mercado de Yauco, Puerto Rico.
¿En ocasión de qué?

En ocasión de que yo me encontraba en una gestión confidencial como Agente Encubierto; como a eso de las nueve de la mañana, del 27 de junio de 1964, ví que este señor tenía en su poder una libreta; dicha libreta tenía una lista de papel de números de tres cifras, guión y números a la derecha. Yo le compré el número de la bolita 814, por la cantidad de treinta centavos, para un premio de Doscientos dólares.

Compró qué número?

Ocho-catorce (814).

¿Por treinta centavos?

Sí, señor.

¿Para un premio de cuánto?

De Doscientos dólares.

¿Le entregó alguna evidencia acreditativa del número que Ud. estaba jugando para la Bolita?

Luego de yo haberle pagado los treinta centavos y de haber chequeado el señor en su lista de números, me entregó un papel blanco.

¿Con qué?

Con el número ocho-catorce (814).

Vuestro Honor, hemos mostrado al compañero la evidencia que le vamos a hacer . . . ¿Mire a ver qué es ésto?

Este es el pedacito de papel blanco, rayado, con el número ocho-catorce (814), con una raya debajo y 200 debajo de la raya.

¿Al dorso que tiene?

Las iniciales mías 'H.Q.T.'; la fecha de la transacción y la placa.

¿Esta persona con quien Ud. hizo esta transacción . . . ese día, Ud. lo vé en algún sitio en el día de hoy?

Sí, señor.

¿Podría señalarlo?

Sí, señor.

A los efectos del récord identifica al acusado, Vuestro Honor.

¿Dijo Ud. que además de este papel, el acusado tenía alguna otra cosa?

Una lista de papel con números de tres cifras y números a la derecha." (T.E. págs. 4-6.)

En relación con el argumento de que la prueba es estereotipada, además de que concluimos que en este caso no lo

fue, es conveniente aclarar que la posesión y/o venta de material de bolita no puede hacerse de un número infinito de maneras. Se porta y se posee o no se porta y se posee. Se vende bolita o no se vende. Es obvio que por tratarse de un tráfico ilegal el vendedor de bolita no puede celebrar bingos públicos, ni pasadías o bailes, ni concursos por televisión y demás actividades hoy día corrientemente utilizadas para la venta de boletos lícitos. Por el hecho de que el vendedor de bolita tome el dinero y apunte el número—la manera usual de hacer esa transacción ilegal—no tiene que concluirse necesariamente que la prueba es insuficiente por ser estereotipada. Decidiremos cada caso por sus méritos.

*Se confirmará la sentencia apelada.*

El Juez Presidente Señor Luis Negrón Fernández y el Juez Asociado Señor Belaval no intervinieron. Los Jueces Asociados Señores Blanco Lugo y Dávila concurren con el resultado.