EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SIMEÓN RIVERA, acusado y apelante.

*Número:* CR-68-13     *Resuelto:* 22 de octubre de 1968

*Gustavo L. Marrero Ledesma,* abogado del apelante; *Rafael A. Rivera Cruz, Procurador General, y Lydia Nieves Franqui, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto de una infracción al Art. 4 de la Ley de Bolita (33 L.P.R.A. sec. 1250) y fue sentenciado a cumplir 10 meses de cárcel.

Apunta que el tribunal de instancia incidió (1) al declararlo culpable a base de prueba insuficiente para establecer la culpabilidad fuera de toda duda razonable; y (2) al no admitir en evidencia la declaración jurada del único testigo de cargo con el fin de impugnar la veracidad del testigo.

El agente encubierto, Nelson Vega Rivera, único testigo presentado por el Pueblo, declaró en síntesis que es policía estatal; que su función es la de descubrir evidencia para perseguir los juegos prohibidos en Puerto Rico; que para el 20 de febrero de 1965 era agente encubierto destacado en Vega Alta y sus barrios; que el día de los hechos se fue a comer unas chinas al carro del apelante, frente al "Sea Green Room", en la calle Muñoz Rivera; que conocía al apelante desde hacía unos cinco meses antes; que el día de los hechos el apelante le vendió el número 319 por quince centavos; que el apelante apuntó dicho número en una lista de papel color brown, donde tenía otros números de tres cifras, seguidos de guión y otras cantidades a la derecha; que no le pidió constancia de la jugada ni practicó arresto alguno porque se descubría.

Arguye el apelante que es increíble que una persona que sabe que otra vende bolita, que lo está observando desde hacía más de cinco meses y especialmente todos los sábados, nunca viera que esa persona le vendiera u ofreciera bolita a otras personas en su presencia. Señala que "el testigo nunca anteriormente a [sic] visto al acusado vender u ofrecer bolita a otras personas, *pero sí sabe* según declara, que el acusado se dedicaba a vender bolita porque alguien se lo dijo." Señala, además, que "Se nos ocurre pensar que el testigo, en su labor de encubierto, al no verlo vender a otras personas, estaba cansado de esperar, creyó que lo más conveniente era justificar lo que le había informado, por medio de una acusación y así terminar con la persecución de este acusado"; que el testigo que dice conocer al acusado por unos cuantos meses con anterioridad al 20 de febrero de 1965 ni siquiera sabe con certeza el nombre del acusado; que dijo conocerlo como Simeón Rivera y "Layo Boquerón" y a pesar de conocerlo durante varios meses no sabía que su nombre correcto era Eladio Rivera. Arguye que al confrontarse al testigo con su declaración, o sea, con la que dio base para

determinar causa probable, manifestó que fue a Arecibo con sus datos para hacer las declaraciones de todos los casos, y que una semana después de hechas llevó las mismas a Morovis a juramentarlas; que prueba de que el testimonio de este testigo no convence es el hecho de que se le pregunta por último al testigo si ese día que le vendió al acusado bolita estaba el señor Juan Rosado presente, en vez de contestar, como lo había hecho anteriormente, es decir que "allí habían varias niñas comprando chinas", declara que puede ser que Juan Rosado estuviese presente al lado del acusado y hasta que le haya vendido bolita al testigo.

Los anteriores argumentos del apelante no justifican concluir que la prueba no estableció la culpabilidad del apelante más allá de duda razonable.

El hecho de que el testigo no viese al apelante vender número de bolita a otras personas durante los cinco meses que lo conoció necesariamente no arrojó duda sobre la veracidad del resto de su testimonio. Tampoco tiene ese efecto el hecho que el testigo no conociese el verdadero nombre del apelante. No es obligación de un agente de la policía conocer el verdadero nombre de las personas con quien interviene así como sus apodos. Véase la Regla 58 de las de Procedimiento Criminal. El testigo aclaró que su declaración jurada se hizo en Arecibo en 19 de abril y que por error del que la escribió aparece en la misma la frase "En Bayamón." Así mismo aclaró que el Juan Rosado, quien él dijo pudo estar presente al lado del acusado cuando el testigo le compró el número al apelante y hasta que Rosado le hubiese vendido bolita al testigo, era un individuo que le vendió bolita al testigo en Vega Alta hecho que recordó al refrescársele la memoria con una declaración suya al efecto.

■ El testimonio del agente es suficiente para sostener la condena. *Pueblo* v. *Cedeño*, 95 D.P.R. 369 (1967); *Pueblo* v. *Figueroa Santiago*, 93 D.P.R. 154 (1966). No concurren aquí las circunstancias excepcionales que ocurrieron en *Pueblo*

v. *Ayala Ruiz*, 93 D.P.R. 704 (1966); *Pueblo* v. *Soto Zaragoza*, 94 D.P.R. 350 (1967); y *Pueblo* v. *Berríos Marrero*, 95 D.P.R. 238 (1967).

■ Aun en el supuesto de que la declaración del testigo de cargo fuese admisible, el propósito de su admisión consistía en impugnar la veracidad del testigo con motivo de la discrepancia con respecto al lugar en que se hizo la declaración. Este apuntamiento obviamente es frívolo.

*En vista de lo expuesto, se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Bayamón, en 27 de septiembre de 1965.*