EL PUEBLO DE PUERTO RICO, en interés del menor E.P.P., apelante.

*Número:* O-78-175     *Resuelto:* 30 de noviembre de 1978

*Diego Ledee Bazán, José T. Rojas Nieves, Sonia del P. Espiet Ríos, Jorge T. Colón Román, Epifanio Contreras Elías* y *Alfredo Ortiz Ortiz,* abogados del apelante; *Héctor A. Colón*

*Cruz, Procurador General, y Federico Cedó Alzamora, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Tres agentes de orden público en un carro de patrulla en Guayama recibieron un mensaje por radioteléfono como a las 9:15 P.M. del 8 agosto 1977, notificándoles que en un callejón conocido como la Vuelta de la Culebra se estaban manipulando drogas y allá se dirigieron. Dos de los agentes abandonaron el auto antes del sitio indicado y siguieron a pie uno a distancia del otro sorprendiendo al menor apelante y al adulto Ismael Santiago Valentín [1] mientras enrollaban cigarrillos de marihuana de los que les ocuparon 42 luego de frustrar su huida y arrestarlos. El menor apelante fue declarado incurso en la falta de posesión de una sustancia controlada.

En apelación imputa error a la sala de instancia por (1) admitir evidencia obtenida mediante un registro ilegal; y (2) por estimar suficiente para sostener su dictamen, la prueba ofrecida.

Hemos leído las treinta páginas de transcripción de evidencia que constituyen el mejor argumento contra los señalamientos de error.

(1) El agente que marchaba al frente y se identificó con los infractores tuvo una percepción directa de la operación en que uno de los intervenidos pasaba la picadura al otro que llenaba y liaba el cigarrillo. Tal acción, llevada a efecto en horas de la noche, frente a un negocio abandonado y en un callejón poco transitado, ratificaba la información captada por el radio del carro patrulla.

■ La existencia de "motivos fundados" para el arresto sin orden de magistrado es el resultado de una rápida evaluación de circunstancias, en la cual el oficial de policía llega a la conclusión de que la persona ha cometido un delito en su

---

[1] Procesado en el Tribunal Superior, se declaró culpable. T.E. pág. 12.

presencia. R.P.C. 11(a).(²) Para así concluir el agente debe relacionar el comportamiento de la persona frente a él, con los hábitos de conducta y manera de actuar de infractores de la Ley en circunstancias similares. Esto requiere el conocimiento de usos y costumbres de los infractores con los cuales el policía está familiarizado, especialmente si se trata de delitos comunes de alta incidencia. Cada delito tiene unas características externas, una manera de realizarse, que lo proyectan visualmente, tipifican la circunstancia delictiva y dirigen el raciocinio hacia la concreción de motivos fundados para el arresto. El intento de fuga completó el panorama circunstancial objetivo que produce en el agente la inferencia fundada de hallarse ante los sujetos partícipes en delito. Estuvo, por tanto, plenamente justificado el arresto del apelante y la ocupación incidental de la evidencia incriminante.

(2) La legalidad del arresto e incautación de la evidencia desplazan la alegación de prueba estereotipada que se ampara en *Pueblo* v. *González del Valle*, 102 D.P.R. 374 (1974). La evidencia oral y física del delito sustanciada ante el tribunal de instancia desvían la calificación de estereotipo aplicable no a la prueba, sino a la alegación del apelante. *Cf. Pueblo* v. *Cedeño*, 95 D.P.R. 369, 372 (1967).

*Con estos antecedentes y fundamentos la sentencia recurrida será, confirmada.*

---

(²)Regla 11(a) de Procedimiento Criminal. "Un funcionario de orden público podrá hacer un arresto sin la orden correspondiente:

"(a) Cuando tuviere motivos fundados para creer que la persona que va a ser arrestada ha cometido un delito en su presencia. En este caso deberá hacerse el arresto inmediatamente o dentro de un término razonable después de la comisión del delito. De lo contrario el funcionario deberá solicitar que se expida una orden de arresto."