TEXTO COMPLETO DE LA SENTENCIA
*844 Contra los menores J.N.V. y D.R.B. se presentaron quejas por infringir el Art. . 6, 8 y 32 de la Ley de Armas, 25 L.P.R.A. 416, 418 y 442 respectivamente, y el Art. 173 del Código Penal, 3 L.P.R.A. 4279 (robo). A ellos se les imputó haber cometido la falta de despojarle al señor Angel L. Suárez Rivera, en lo sucesivo Suárez, de manera ilegal y voluntaria mediando violencia e intimidación una cantidad de dinero ($1,032.00) mientras blandían un arma de fuego. Conforme a documentos ante nos los hechos son los que se relatan a continuación. 
Conforme al testimonio vertido en la vista de supresión de evidencia por los testigos Angel Suárez y los policías Daniel González y Orlando del Valle, el 4 de enero de 1997, a eso de las 5:00 p.m. se cometió un asalto en la Gomera "El Exito". El Agente González declaró que a través de un mensaje por radio se informó que se había asaltado la gomera por individuos vestidos con pantalones cortos negros y fuertemente armados que huyeron en dirección a Carolina por la Carretera 848 en un vehículo Lumina color rojo-anaranjado. El agente del Valle, por su parte declaró que lo que se indicó por radio era que la gomera había sido asaltada por dos individuos, uno canito y el otro trigueño fuertemente armados que huyeron en un Lumina rojo-anaranjado en dirección a Carolina. Ambos policías admitieron que no toda la información vertida en la vista había sido utilizada en la preparación de sus respectivas declaraciones juradas prestadas el mismo día de los hechos, dejando de incluir datos sobre que estaban fuertemente armados, sobre la vestimenta, y sobre la descripción física de los acusados.
Con la información escuchada en radio los agentes policíacos deciden intervenir con los ocupantes de un automóvil Lumina rojo-anaranjado que viajaba por la Carretera 8860 en dirección a Trujillo Alto y que estaba ocupado por cuatro (4) individuos. El agente que intervino con los recurrentes lo hizo en base a la descripción del auto que se dio por radio para investigación, pues no observó que sus ocupantes estuvieron cometiendo delito alguno en su presencia. Se detuvo a los sospechosos y les ordenaron que se tiraran al piso, al registrarlos no se encontró armas ni en los individuos, ni dentro del auto. A los quince minutos de su intervención se personó en el área el señor Suárez quien en compañía de un hermano recorría la zona con la intención de localizar a sus asaltanes. Suárez se acercó al área donde estaban los ocupantes del auto tirados en el piso y rodeados de policías con armas identificando a ambos recurrentes como los que cometieron el robo. Se arrestó entonces a los cuatro individuos, ocupándoles un total de $87.85 entre los cuatro.
Transportado el Lumina al cuartel y una vez que se habían radicado cargos en contra de los individuos, los policías regresaron al auto y realizaron un segundo registro, también sin orden, en esta ocasión se encontró un arma de fuego, la cual no fue descrita ni fue presentada en evidencia.
Tras varios trámites procesales se presentó el 30 de abril de 1997 Moción de Supresión de Evidencia, celebrándose vista al respecto el 14 de agosto de 1997. Tras escuchar el testimonio del perjudicado y de los dos agentes que intervinieron con los menores, el Tribunal de Instancia, Hon. Francisco R. Agrait Liado (Juez), decidió que la intervención y posterior registro fueron inválidos y que la identificación hecha de los detenidos por el perjudicado estuvo viciada de parcialidad y sugestividad. El Tribunal concedió al ministerio público un término de diez (10) días para que manifestara si tenía prueba adicional a la suprimida, pues en caso contrario desestimaría la querella.
Inconforme con dicha determinación el Ministerio Público acude ante nos señalando la comisión de error al resolver que el arresto fue ilegal, y que la ocupación del arma fue el producto de un registro ilegal e irrazonable. Los señalamientos de error van tanto a la apreciación de la prueba como a la interpretación del derecho aplicable. Argumenta que el arresto sin orden es válido pues los motivos fundados para intervenir con los imputados surgen de la descripción del auto envuelto en el incidente y de la cadena de descripciones generadas por el testigo presencial del robo. En cuanto a la identificación de los menores indica que la misma es válida pues el perjudicado tuvo la oportunidad de observar a los asaltantes y la confrontación con éstos se hizo a los pocos minutos de ocurrir el incidente. Por último, argumenta que el registro por el cual se incautó el arma fue uno razonable.
El menor D.R.B. compareció en escrito en oposición en la que, en síntesis, indica que de conformidad al testimonio vertido en sala procede la exclusión de la prueba incautada, y de la identificación. Discute que el arresto sin orden se efectuó sin que existiera motivos fundados para intervenir con los imputados. Estudiados los planteamientos de ambas partes, resolvemos.
*845 La Ley de Menores, Ley Núm. 88 de 9 de julio de 1986, 34 L.P.R.A. see. 2201 et. seq., así como las Reglas de Procedimiento para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, son de aplicación a todo asunto relacionado con un menor de 18 años que incurra en conducta que constituiría delito de ser cometida por un adulto. Se establece mediante éstas un procedimiento sui generis para regir los procedimientos bajo la Ley de Menores que permite armonizar los intereses en juego bajo dicha Ley, a saber, la protección y rehabilitación de los menores y la protección del interés público.
A los menores de edad les cobija la protección constitucional contra arrestos, registros y allanamientos ilegales e irrazonables. Pueblo en interés del menor R.G.G., 123 D.P.R. 443 (1989); Regla 2.4 de las de Procedimientos para Asuntos de Menores, 34 L.P.R.A. Ap. I-A, see. 2207. Se presume que todo arresto sin orden es inválido y corresponde al Ministerio Público rebatir dicha presunción mediante prueba sobre circunstancias especiales que justifican dicha intervención. Pueblo v. Ramos Santos, _ D.P.R. _ (1992), 92 J.T.S. 176, a la pág. 10259; Pueblo v. Pacheco Báez, _ D.P.R. _ (1992), 92 J.T.S. 69, a la pág. 9559; Pueblo v. Malavé, 120 D.P.R. 470, 476 (1988).
La Regla 2.4 de Procedimiento Para Asuntos de Menores, supra, señala las instancias en que se permite la aprehensión de un menor sin una orden judicial previa por un funcionario del orden público cuando: (1) tenga motivos fundados para creer que el menor ha cometido una falta en su presencia. En ese caso, deberá realizar la aprehensión inmediatamente después de la comisión de la falta o dentro de un término razonable; (2) el menor aprehendido hubiese cometido una falta Clase II o III aunque no en su presencia; (3) tenga motivos fundados para creer que el menor ha cometido una falta Clase II o III independientemente de que dicha falta se haya cometido.
Nuestro Tribunal Supremo ha aclarado que el concepto de "motivos fundados" bajo la Regla 11 de Procedimiento Criminal es similar a la "causa probable" contemplada por la Sección 10 del Artículo II de nuestra Constitución. Pueblo v. Ruiz Bosch, _ D.P.R. _ (1991), 91 J.T.S. 7, a la pág. 8313; Pueblo v. Díaz Díaz, 106 D.P.R. 348, 353 (1978). La jurisprudencia define el concepto motivos fundados como la creencia que puede llevar a una persona ordinaria y prudente a creer que el arrestado ha cometido un delito. No es necesario que el delito se haya cometido, basta una creencia bonafide de que así ha sido. Pueblo v. Pacheco Báez, _ D.P.R. _ (1992), 92 J.T.S. 69; Pueblo v. Ruiz Bosch, _ D.P.R. _ (1991), 91 J.T.S. 7; Pueblo v. Del Río, 113 D.P.R. 684 (1982). La conducta del funcionario público se juzga pues en orden al criterio de la persona prudente y razonable, por lo que es necesario considerar las circunstancias específicas del arresto para determinar su validez.
Existen tres tipos de intervención de agentes del orden público con los ciudadanos, a saber: (a) el arresto, ya sea formal o de facto, (b) la detención para investigación y (c) el interrogatorio, sin restricción alguna de la libertad de la persona.
En Terry v. Ohio, 392 U.S. 1, el Tribunal Supremo de los Estados Unidos reconoció la validez de detenciones para investigación. Entre los hechos que justifican una detención tipo "Terry" están: (1) la capacidad del agente, a base de su experiencia o entrenamiento especial para poder detectar situaciones sospechosas, (2) la probabilidad de que esté a punto de cometerse un delito, o de que la persona detenida en efecto haya cometido un delito, (3) información en manos del agente proveniente de observaciones del agente, de terceros o de informantes, de otros agentes o de un boletín de la policía. Véanse, Terry v. Ohio, 392 U.S. a las págs. 23-24, Adams v. Williams, 407 U.S. 143 (1972); U.S. v. Hensley, 469 U.S. 221 (1985).
Aunque una detención tipo "Terry" debe estar justificada por una sospecha razonable de que podría existir conducta criminal, ésta es menor que la causa probable exigida para un arresto. Se trata de probabilidades y no de certeza. United States v. Sokolow, 490 U.S. 1, 7-8 (1989); United States v. Cortéz, 449 U.S. 411, 417 (1981); véase, además Chiesa, supra, a la pág. 465.
Entendemos que las circunstancias ante nos hacen inaplicable la doctrina reflejada en Pueblo v. Fournier, 77 D.P.R. 222 (1953), en cuanto a que la detención para investigación es inválida en nuestra jurisdicción. En este caso y su progenie las detenciones se realizaron por un tiempo poco razonable o sin motivos fundados para intervenir. Véase Pueblo v. García Colón, 122 D.P.R. 334 (1988). Aunque nuestro más alto foro no se ha pronunciado de forma definitiva sobre la validez de la doctrina de Terry *846 bajo nuestro ordenamiento, ha citado dicho precedente o a su progenie con aprobación. Véanse Pueblo v. Malavé González, 120 D.P.R. 470, 480 (1988); Negrón v. Orozco Rivera, 113 D.P.R. 712, 718 (1983); Pueblo v. Díaz Díaz, 106 D.P.R. 348, 355 (1977). 
Tal y como se indica en Pueblo v. García Colón, supra, a la pág. 340, citado en Pueblo v. Ortiz Martínez, 116 D.P.R. 139, 144 (1985), la Policía de Puerto Rico tiene el deber de proteger a la ciudadanía en general y en el cumplimiento de su deber, viene en "la obligación de investigar toda llamada telefónica recibida o información ofrecida por dicha ciudadanía referente a posible actividad delictiva". Para poder cumplir su deber es razonable detener a una persona para investigar de forma limitada las circunstancias del caso en particular. Cuando la detención inicial no disipa las sospechas, los agentes del orden público no pueden extender la misma, a menos de que cuenten con motivos fundados, ya que entonces existe el equivalente funcional a un arresto, el cual resulta ilegal en ausencia de causa probable.
Al determinar si existe o no motivos fundados para realizar un arresto sin una orden judicial, los tribunales han de examinar las circunstancias específicas de la situación bajo su consideración con el propósito de determinar si una persona ordinaria y prudente, conforme a criterios de razonabilidad y probabilidad, entiende que se ha cometido un delito. En el caso ante nos, los motivos fundados para la intervención con los imputados surgió de la descripción del automóvil involucrado en el asalto coincidía y que el mismo se encontraba circulando en una área cercana al asalto. La intervención policíaca con los ocupantes del auto fue una razonable a la luz de los eventos. No debemos perder de perspectiva que la existencia de motivos fundados para el arresto sin orden es el resultado de. una rápida evaluación de las circunstancias. El Tribunal Supremo de Puerto Rico ha reconocido que los agentes del orden público de ordinario trabajan de forma coordinada y concertada y que el conocimiento de cada agente cuando trabajan cerca y se mantienen informados es atribuible a los demás. Pueblo v. Luzón, 113 D.P.R. 315 (1984); Pueblo v. Martínez Torres, 120 D.P.R. 496 (1988). Basta con que el agente que origina la comunicación que culmina en el registo o arresto cuente con información de primera mano para que se cumpla con el requisito de motivos fundados. En el presente caso se contaba con la hora de la comisión del robo, la descripción del vehículo y la descripción de dos de los sospechosos así como de la vestimenta de ambos. La identificación de los sospechosos la realizó la víctima dentro de un breve plazo de haber sido encañonado.
El criterio para determinar la existencia de motivos fundados es uno de probabilidad y razonabilidad, que lleva a una persona a creer que la persona arrestada ha cometido un delito. Razón por la cual se hace necesario la evaluación de las circunstancias específicas del caso particular. Pueblo ex rel E.P.P., 108 D.P.R. 99, 100 (1978); Pueblo v. Alcalá Cabrera Cepeda, 92 D.P.R. 70, (1965). Conforme a los hechos antes narrados entendemos que la intervención de los agentes estuvo justificada y fue válida. Resolvemos, por lo tanto, que la intervención inicial con los recurridos fue válida. El primer error fue cometido.
La identificación de un acusado es una etapa crítica del proceso penal regida por la Cláusula del Procedimiento Debido por Ley. La identificación de un acusado debe ser adjudicada a la luz de la totalidad de las circunstancias y a tenor con los hechos particulares de cada caso. Aunque la identificación de un sospechoso contenga elementos de sugestividad, no viola el debido proceso de ley si están presentes suficientes elementos de confiabilidad, tomando en consideración la totalidad de las circunstancias, a la luz de los factores siguientes: (a) la oportunidad que tuvo el testigo de observar la persona; (b) el grado de atención del testigo; (c) la corrección de la descripción anterior del imputado por el testigo; (d) el nivel de certeza demostrado por el testigo durante la confrontación, y (e) el tiempo transcurrido entre el crimen y la confrontación. Pueblo v. Ortiz Pérez, 123 D.P.R. 216 (1989); Pueblo v. Rodríguez Maysonet, 119 D.P.R. 302 (1987); Pueblo v. Peterson Pietersz, 107 D.P.R. 172 (1978).
En el caso ante nos el tribunal de instancia estima que el elemento de sugestividad radica en que al llegar el perjudicado al lugar donde habían detenido a los menores, éstos se encontraban acostados sobre el piso y rodeados de varios policías con armas. Considerada la totalidad de las circunstancias y tomando en consideración que el testigo llegó pronta y casualmente al lugar, éste realizó una identificación libre y espontánea. También está patente que el perjudicado pudo observar a sus agresores por un espacio de tiempo. Entendemos a la luz de todas estas circunstancias que la *847 identificación hecha es válida.
En cuanto al tercer señalamiento de error, estudiado el caso ante nos entendemos que el mismo no fue cometido por lo que procede la supresión de la prueba incautada, en este caso el arma.
La ocupación del arma de fuego se realizó en un segundo registro llevado a cabo horas más tarde, una vez los sospechosos se encontraban bajo custodia. El mismo no fue un registro tipo inventario, ni a raíz de una situación de emergencia. Pueblo v. Rodríguez Rodríguez, _ D.P.R. _ (1991), 91 J.T.S. 49; E.L.A. v. Coca Cola, 115 D.P.R. 197 (1984). No existiendo impedimento para que se obtuviera una orden de allanamiento, la obtención del arma fue producto de un registro irrazonable e ilegal. Pueblo v. Malavé, 120 D.P.R. 470 (1988).
DICTAMEN
Por los fundamentos antes expresados modificamos el dictamen de instancia a los efectos de declarar válidos la intervención y el posterior arresto de los menores recurridos y la identificación que de éstos se hizo. Se confirma la determinación de excluir el arma de fuego como prueba. Se devuelve el caso de epígrafe al Tribunal de Instancia para la continuación de los procedimientos.
Así lo pronunció y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 39
1. Aun cuando el recurrente señala la comisión de error en la apreciación de la prueba, ésta no nos pone en posición de entender en ese planteamiento con una exposición narrativa estipulada de la prueba oral vertida, como tampoco un proyecto de exposición narrativa de la prueba oral pertinente al recurso, ello de acuerdo a la Regla 19 de nuestro reglamento vigente desde el 1ro. de mayo de 1996.
2. Para un excelente análisis de la doctrina de Terry y de la detención para investigación, véase la sentencia del Hon. Juez German Brau en Pueblo de Puerto Rico v. Pavo Fonseca, SNAP-92-0103, sentencia del 26 de agosto de 1993, Tribunal de Apelaciones de Puerto Rico, Sección Norte.