Miranda De Hostos, Juez Ponente
*775 TEXTO COMPLETO DE LA SENTENCIA
Se apela una sentencia condenatoria de cuatro (4) años de cárcel por el delito de posesión de sustancias controladas, dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, contra el apelante Alberto Cepeda López.
Alega el apelante que incidió el foro de instancia al encontrarlo culpable por posesión de sustancias controladas, cuando no se probó el delito más allá de duda razonable.
Se confirma la sentencia condenatoria, por los siguientes fundamentos. Veamos.
I
Los hechos probados por el Ministerio Público y creídos por el tribunal de instancia, tienen sus inicios la noche del 25 de junio de 2002, cuando el agente Nelson González Rodríguez, se encontraba de servicio en la División de Operaciones Tácticas de Carolina. Aproximadamente a las 11:50 pm, dicho agente recibió una llamada telefónica en la cual una voz de varón le informaba de manera confidencial, que en el sector Dos Cuerdas en Canóvanas, frente a Villas de Loíza, en una residencia que tenía dos portones negros, se estaban haciendo transacciones de sustancias controladas. (E.N.P., págs. 2; 8-9.) Se le informaba al agente en dicha llamada telefónica, que la persona que estaba realizando las transacciones con sustancias controladas, vestía “mahón, era de tez negra, delgado, un (sic) pantalón azul y una (sic) t-shirt blanca” . (E.N.P., págs. 2; 10-11.)
Declaró el agente González Rodríguez, que anotó los datos y le informó inmediatamente al supervisor, el sargento José Martínez Bonilla, sobre la confidencia recibida y éste le ordenó que fuera a investigar la misma con otros agentes del orden público. (E.N.P., págs. 2; 10.) El agente se dirigió al lugar que le habían informado en la confidencia en un vehículo compacto confidencial no rotulado, con los cristales “tinteados”. (E.N.P., pág. 2.) Cuando llegaron al lugar, cerca de un conocido punto de drogas, los demás agentes dejaron al agente González Rodríguez y él caminó y encontró una residencia abandonada de frente y dos residencias a ambos lados, además “un solar yermo con bastante maleza”, es decir “enredaderas y grama alta”, por donde él se baja y entra. Que se percata de la casa que le habían informado donde se estaban realizando las transacciones de sustancias controladas. (E.N.P., págs. 2, 4, 21; 30.) El agente González Rodríguez declara que para esa hora ya era aproximadamente las 12:10 de la madrugada y el área estaba iluminada con un poste de luz eléctrica de color amarillo. (E.N.P., págs. 5-6.) La iluminación en ese lugar, dijo el agente González Rodríguez a preguntas de la defensa, era “buenísima”. (E.N.P., pág. 21.)
Una vez el agente se ubica a observar la residencia, inmediatamente sale el apelante Alberto Acevedo López de la misma a unos diez (10) pies de donde él estaba, con una “[p]ipa [de fabricación casera] en su boca, en su mano derecha tiene un envase cilindrico con tapa anaranjada el cual destapa, deposita su contenido en la pipa, saca un encendedor, lo enciende, se enciende la pipa, se da dos o tres inhaladas y empieza a caminar nuevamente”. (E.N.P., págs. 3; 6; 14; 23.) Cuando el agente González Rodríguez sale del lugar que se encontraba -la maleza-, se identifica como policía y le informa que está bajo arresto, el *776 apelante “[s]e sorprende y emprende carrera hacia la residencia de donde salió, que es la de portones negros”. (E.N.P., págs. 3; 6-7; 26-27.)
Ante el acto de huida del apelante, el agente lo persigue y logra darle alcance, arrestarlo, procediendo a hacerle las advertencias de ley. (E.N.P., págs. 3; 26-27.) Una vez arrestado el apelante, fue registrado y se le ocupó en el bolsillo izquierdo de su pantalón $5.00 en billetes de uno y un encendedor. En el bolsillo derecho se le ocupó un envase cilindrico transparente, tapa anaranjada conteniendo polvo blanco granulado que luego de las pruebas químicas correspondientes, resultó ser cocaína en su modalidad de “crack”. (E.N.P., págs. 4; 23-24; 28.) La pipa que el agente González Rodríguez vio que utilizaba el apelante, aunque fue ocupada, no fue presentada durante el juicio. (E.N.P., pág. 28.) La defensa estipuló el análisis del químico de la sustancia controlada que resultó ser cocaína; así, también, la cadena de custodia de la evidencia ocupada. (E.N.P., pág. 34.)
El Tribunal de Primera Instancia, por tribunal de derecho, declaró culpable y convicto al apelante Alberto Cepeda López, por posesión de sustancias controladas y lo condenó a cuatro (4) años de cárcel.
Inconforme con el fallo condenatorio y la sentencia dictada, el apelante acude ante nos en su revisión.
II
Resumida la prueba que tuvo el foro apelado ante sí, según la exposición narrativa aprobada, procedemos a discutir la norma jurídica aplicable a la controversia presentada.
A
El delito de posesión de sustancias controladas
El Artículo 404 de la Ley de Sustancias Controladas tipifica como delito grave, la posesión de sustancias controladas a sabiendas e intencionalmente, de manera inmediata o constructiva. 24 L.P.R.A. see. 2404; Pueblo v. Cruz Rivera, 100 D.P.R. 345, 349 (1971). El delito no requiere intención criminal alguna, pues éste se tipifica con la mera posesión de sustancias controladas. Fuentes Morales v. Tribunal Superior, 102 D.P.R. 705, 708 (1974); Pueblo v. Meléndez Rodríguez, 136 D.P.R. 587, 621-622 (1994). Se debe evaluar según las circunstancias de cada caso, si el acusado alegó ser dueño del objeto en cuestión o si intentó disponer del mismo en consideración a los eventos anteriores, coetáneos o posteriores a la alegada posesión ilegal de sustancias controladas. Pueblo en interés del menor F.S.C., 128 D.P.R. 931, 940-941 (1991).
Nuestro más alto foro ha resuelto que la posesión ilegal de sustancias controladas se establece inclusive con evidencia de que el acusado: 1) ejercía control y dominio sobre la sustancia ilegal; 2) conocía su presencia; y 3) conocía la naturaleza narcótica del material. Pueblo v. Meléndez Rodríguez, supra.
B
El arresto y registro incidental
La Constitución de Puerto Rico dispone en su Artículo II, Sección 10, la protección a todo ciudadano contra registros y allanamientos irrazonables en su persona, pertenencias y propiedades, realizadas por un funcionario del Estado. El objetivo principal de esta garantía constitucional es proteger la intimidad y la dignidad del ser humano, como valor fundamental de nuestra democracia. Pueblo v. Loubriel Serrano, opinión de 16 de enero de 2003, 2003 J.T.S. 5, pág. 402; Pueblo v. Ríos Colón, 129 D.P.R. 71, 80 (1991). (Casos citados.)
Sobre este particular, la Regla 11 de Procedimiento Criminal prescribe que un agente del orden público podrá hacer un arresto sin orden, si tuviere motivos fundados para creer que la persona arrestada ha cometido un delito en su presencia. 34 L.P.R.A. Ap. II; Pueblo v. Cruz Calderón, opinión de 16 de enero de 2002, 2002 J.T. *777 S. 11, pág. 644. Se define motivos fundados como aquella información y conocimiento que lleve a una persona ordinaria y prudente a creer que el arrestado ha cometido delito. Es necesario el considerar las circunstancias específicas del arresto en cada caso, para determinar su validez. El agente puede percibir por observación con sus sentidos los elementos constitutivos de conducta delictiva, aunque no se hayan cometido; basta que él lo crea. Pueblo v. Pacheco Báez, 130 D.P.R. 664, 671 (1972; Pueblo v. Alcalá Fernández, 109 D.P.R. 326, 331-332 (1980). (Casos citados.)
Los motivos fundados existen si de la totalidad de las circunstancias del caso en cuestión, se desprende que una persona ordinaria y prudente poseería aquella información y conocimiento que la llevaría a creer que la persona arrestada ha cometido o va a cometer un delito a base de criterios de probabilidad y razonabilidad. Pueblo v. Colón Bernier, 135 D.P.R. 135, 143 (1999); Pueblo v. Ortiz Alvarado, 135 D.P.R. 41, 47 (1994).
A tales fines, la Regla 16 de Procedimiento Criminal, supra, prescribe que el funcionario público que realice el arresto por delito grave, sin orden, puede perseguir al actor de la actividad delictiva, si éste huyere de la escena. Cf. Cruz y otra v. Sierra y otros, 133 D.P.R. 871, 872 (1993). La jurisprudencia ha sostenido que el abandonar o el huir del lugar de los hechos, puede demostrar conciencia culpable por parte del actor de la supuesta actividad delictiva. Pueblo v. Nieves Vargas, 101 D.P.R. 159, 263 (1973); Pueblo v. Otero Alejandro, 110 D.P.R. 34, 38 (1980).
El agente del orden público debe relacionar el comportamiento del arrestado con los hábitos de conducta y manera de actuar de infractores de la ley, en circunstancias similares. Para ello, se requiere el conocimiento de usos y costumbres de los que comenten delitos, con los cuales los policías están familiarizados. Pueblo ex reí. E.P.P., 108 D.P.R. 99,101 (1978).
Ahora bien, se ha reconocido que entre las funciones que tienen los agentes del orden público para proteger a los ciudadanos, se encuentran el patrullar y hacer función de vigilancia para cumplir su obligación ministerial de investigar la comisión de delitos y proteger a la sociedad de la conducta criminal que atenta contra la paz social. Pueblo v. Pacheco Báez, supra, pág. 672; Pueblo v. Ortiz Martínez, 116 D.P.R. 139, 144 (1985).
C
Doctrina de testimonios estereotipados
El Tribunal Supremo ha expresado su preocupación sobre varios tipos de testimonios entre los que se encuentran los testimonios estereotipados, las confidencias policíacas no corroboradas y las transacciones realizadas a plena luz del día y a plena vista. Pueblo v. Acevedo Estrada, opinión de 19 de enero de 2000, 2000 J.T.S. 22, pág. 570.
Las declaraciones estereotipadas deben ser objeto de escrutinio riguroso para evitar que declaraciones falsas o inexactas, vulneren derechos de ciudadanos inocentes. El testimonio estereotipado es aquél que se limita a mencionar los elementos mínimos necesarios para establecer la comisión del delito, sin incluir detalles imprescindibles para reforzarlos. Pueblo v. Acevedo Estrada, supra; Pueblo v. Camilo Meléndez, 148 D.P.R. 539, 558 (1999).
D
Duda razonable
Para que la prueba del Estado establezca la culpabilidad de un acusado por delito público, se le requiere que establezca todos los elementos del delito y la conexión del acusado, más allá de duda razonable. Pueblo v. Colón Castillo, 140 D.P.R. 564, 581-582 (1996). La evidencia tiene que producir certeza o convicción moral en una conciencia exenta de preocupaciones o en un ánimo no prevenido. Pueblo v. González Román, 138 D.P.R. *778 691, 708 (1995). Compete al Estado, el presentar prueba suficiente y satisfactoria que establezca los elementos del delito y la comisión por el acusado, más allá de duda razonable. Pueblo v. Sánchez Molina, 134 D.P.R. 577, 586 (1993).
La duda razonable no equivale a que toda duda posible, especulativa o imaginaria, tenga que ser destruida para establecer la culpabilidad del acusado con certeza matemática. Lo que significa el principio de duda razonable es que, para establecer la culpabilidad del acusado, se exige prueba que establezca aquella certeza moral que convence, que dirige la inteligencia y que satisface la razón del juzgador. Pueblo v. Irizarry, opinión de 10 de mayo de 2002, 2002 J.T.S. 68, pág. 1113; Pueblo v. Calderón Alvarez, 140 D.P.R. 627, 643-644 (1996).
E
Alcances de la revisión judicial
La determinación de si el Estado probó la culpabilidad del acusado más allá de duda razonable, como cuestión de derecho es revisable, pues la apreciación de la prueba presentada resulta de una combinación de hecho y derecho. Pueblo en el interés del menor F.S.C., 128 D.P.R. 931, 942 (1991).
El foro apelativo, al ejercer su función revisora sobre convicciones criminales, sólo intervendrá con la apreciación de la prueba realizada por el foro de instancia, cuando exista pasión, prejuicio, parcialidad o error manifiesto, o cuando la apreciación de la prueba no concuerde con la realidad fáctica o ésta sea inherentemente imposible o increíble. Pueblo v. Roldan López, opinión de 12 de septiembre de 2002, 2002 J.T.S. 125, pág. 190; Pueblo v. Acevedo Estrada, opinión de 19 de enero de 2000, 2000 J.T.S. 22, pág. 573.
Se ha resuelto que cuando un convicto no es acusado por algún delito que cometió dentro de unos eventos delictivos, no puede alegar pequicio sobre ello, pues en todo caso, tal determinación del Estado de omitir acusarlo, fue en su beneficio. Pueblo v. Concepción Suárez, 101 D.P.R. 17, 22 (1973).
III
Aplicación de la norma jurídica
El agente González Rodríguez declaró en el juicio que recibió una confidencia de que se estaba realizando transacciones de sustancias controladas en un sector de Canóvanas, describiendo el lugar y a la persona que las estaba realizando. En el sitio que se ubicó a vigilar el agente González Rodríguez, había iluminación adecuada y el testimonio describió el área con razonables detalles, entre otros, que era una casa con portones negros y que había un solar yermo, lo cual coincidía con la confidencia.
Cuando el agente realizó su intervención, tenía motivos fundados para creer que se estaba cometiendo el delito de posesión de sustancias controladas en su presencia, pues el apelante estaba encendiendo y luego inhalando una sustancia en una pipa casera, que es un artefacto que se utiliza para consumir drogas. Se puede concluir con razonable certeza que dentro de tales circunstancias, lo presenciado por el agente era el consumo de sustancias controladas por el apelante, utilizando una pipa casera, cuando éste salía de la casa donde por confidencias se le había informado al agente que se estaba traficando con estupefacientes y era cerca de un punto de drogas. Además, declaró el agente González Rodríguez que cuando le ordenó al apelante que se detuviera para arrestarlo, éste se aprestó a huir corriendo de la escena del crimen, de lo cual se puede colegir de dicha conducta que fue sorprendido violando la ley. Pueblo v. Nieves Vargas, supra.
En cuanto a la alegación del apelante Alberto Acevedo López, que no se le presentó un cargo por “parafernalia relacionada a sustancias controladas”, Artículo 412 de la Ley de Sustancias Controladas, supra, basta con señalar que tal determinación fue en su beneficio, pues no fue expuesto a dicho cargo y no puede *779 alegar perjuicio por ello. En relación a la alegación del apelante que no se presentó en evidencia por el Estado la pipa casera que éste utilizó durante los hechos, lo cierto es que el foro de instancia le dio credibilidad al testigo del Estado sobre cómo ocurrieron los eventos y no era necesario presentar en juicio la pipa, cuando el cargo no era por poseer parafernalia relacionado con sustancias controladas, sino por posesión de sustancias controladas.
Por último, contrario a lo que alega el apelante, los hechos del presente caso no demuestran un evento inverosímil de la conducta criminal en nuestra sociedad o que el foro apelado actuara de manera arbitraria, irrazonable o con pasión, prejuicio y parcialidad, al evaluar la prueba que tuvo ante sí. El agente González Rodríguez declaró que recibió una confidencia sobre actividad delictiva cerca de un punto de drogas, corroboró los detalles de la misma y ante su presencia observó que se cometió el delito grave de posesión de sustancias controladas por el apelante. El Estado probó que el agente tuvo motivos fundados para intervenir con el apelante, según las circunstancias y percepción que él tuvo de la actividad delictiva en su presencia de posesión de sustancias controladas, y no hay razón en derecho para cambiar el dictamen al cual llegó el foro de instancia.
Por lo tanto, contrario a lo que alega el apelante, no estamos ante un testimonio escueto y estereotipado, que no incluia detalles razonables de los eventos y el lugar donde ocurrieron. Resolver como nos invita el apelante que el evento no ocurrió como lo declaró el testigo del Estado, sería estar ajenos de la realidad social cotidiana de la actividad delictiva de nuestro país.
En resumen, no es increíble y poco confiable la declaración dada por el agente González Rodríguez, sobre los eventos por los cuales salió convicto el apelante. El Tribunal de Primera Instancia actuó conforme a derecho y no es nuestra función el dejar sin efecto la evaluación de la prueba que éste realizó, por lo cual la sentencia condenatoria contra el apelante, se confirma.
IV
Por los anteriores fundamentos, se confirma la sentencia apelada.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Heana Oquendo Graulau
Secretaria General