EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ELEUTERIO RAMOS c/p JUAN RAMOS LÓPEZ, acusado y apelante.

*Números:* CR–62–70, CR–62–71  *Resueltos:* 29 de mayo de 1962

*E. Alcaraz Casablanca,* abogado del apelante; *J. B. Fernández Badillo, Procurador General* y *Juan A. Farias, Procurador General Auxiliar,* abogados de El Pueblo, apelado.

SENTENCIA

Contra Eleuterio Ramos, conocido por Juan Ramos López, se presentaron dos acusaciones "por . . . infracción al Art. 10 de la Ley 220 de 1948," (¹) 33 L.P.R.A. sec. 1256, que sustancialmente leían como sigue: "El referido acusado . . . allá o en o para (fecha) . . . actuaba como administrador de bancas de 'Boli-Pool' y como tal administrador

---

(¹) El delito definido en la sección 10 de la Ley de la Bolita es de naturaleza grave *(felony).* Se define así: "Todo dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta Ley será reo de delito grave. . ."

repartía tickets o boletos impresos con números de tres cifras, que se usaban y pueden usarse en relación con los juegos ilegales conocidos por Bolita o Boli-Pool . . ." Se le celebró juicio por jurado y fue declarado convicto de violar la sección 4 de la mencionada ley, [2] 33 L.P.R.A. sec. 1250, que en términos generales castiga la posesión o transportación de material que pueda utilizarse en los juegos por ella prohibidos.

La prueba de cargo consistió en el testimonio de un agente encubierto, quien sustancialmente declaró que presenció cuando en dos ocasiones el acusado sacó del bolsillo de su pantalón unos boletos de bolipool y los entregó a dos personas distintas, y que el agente les pidió el número y se le respondió que no era posible complacerle porque los números estaban "encargados". La defensa intentó probar que tales transacciones no tuvieron lugar y que el acusado se dedica a su ocupación de porteador público. Claramente el jurado dio crédito a la prueba del Pueblo.

Al dirigirse al jurado sobre los veredictos que podían ser rendidos, el tribunal de instancia se expresó en la siguiente forma: ▇

"Si el Jurado creyese, fuera de duda razonable, que este acusado... *actuaba como administrador de bancas de bolipool y como tal administrador repartía tickets o boletos impresos con números de tres cifras que se usaban y pueden usarse en relación con el juego ilegal conocido por Bolita o Bolipool,* en combinación con los pools o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y la lotería de Puerto Rico, pues entonces sería la obligación de ustedes de declarar culpable al acusado de dos delitos por infracción al artículo 10 de

---

[2] La sección 4 lee como sigue:

"Toda persona que fuere sorprendida portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, ticket, libreta, lista de números o letras, boletos o implementos que pudieren usarse para los juegos ilegales de la 'Bolita', 'Boli-pool', combinaciones relacionadas con los 'Pools' o bancas de los hipódromos de Puerto Rico y loterías clandestinas, y toda persona que poseyere, vendiere, o en cualquier forma transportare éstos o cualesquiera otros análogos que se pudieran utilizar o usar en dichos juegos ilícitos, o conectados con la práctica de los mismos, incurrirá en delito público."

la Ley 220, sobre bolipool de Puerto Rico; tendrían que declararlo culpable en la causa G61-81A, que se refiere a la transacción del día 8 de octubre de 1960; y culpable en la causa G61-82A, que se refiere a la transacción del 9 de noviembre de 1960.

"Si ustedes entendiesen, fuera de duda razonable, *que este acusado no actuaba como administrador pero sí repartía tickets o boletos impresos con números de tres cifras, que se usaban y pueden usarse en relación con el juego ilegal conocido por bolita y bolipool, en combinación con los pools o bancas de los hipódromos de Puerto Rico y loterías clandestinas,* y la lotería de Puerto Rico; o sea, si ustedes creyesen, fuera de toda duda razonable, *que él no actuaba como administrador pero sí poseía ese material que se describe en las acusaciones,* mientras lo repartía y entregaba a otras personas, o sea que él fue sorprendido por el agente del orden público portando o conduciendo o que tuviere en su poder en cualquier concepto cualquier papeleta, billete, ticket, libreta, lista de números o letras, boletos o implementos que pudieren usarse para el juego ilegal de la bolita, bolipool, combinaciones relacionadas con los pools o bancas de los hipódromos de Puerto Rico y loterías clandestinas o que poseyere, vendiere o en cualquier forma transportare estos (o sea los boletos) o cualesquiera otros análogos que se pudieran utilizar o usar en dicho juego ilícito, o conectados con la práctica del mismo, entonces sería deber de ustedes declararlo culpable de infracción al artículo 4 de la Ley 220 sobre bolipool. Y en ese caso es un delito menos grave: tener o poseer y transportar en cualquier concepto que lo tenga. Es decir que el hecho de ser administrador de bancas de bolipool, o ser dueño o tenerlas en carácter de apoderado o encargado, *pues es un agravante y convierte el delito en el artículo 10, en un delito felony.* Si posee ese material en cualquier concepto que se esté transportando, pues entonces se trataría de una infracción al artículo 4, que es un delito menos grave. Resolviendo ustedes, fuera de duda razonable, que él no administraba pero sí tenía en cualquier concepto el material de bolita, entonces es obligación de ustedes declararlo culpable de infracción al artículo 4." (Bastardillas nuestras.) ▮

La cuestión principal que se plantea en este recurso de apelación es si bajo una acusación por el delito a que se refiere la sección 10—administración de una banca de bolita

o bolipool—puede declararse culpable al acusado de una infracción a la sección 4—posesión y transportación de material de bolita.

Wharton, *Criminal Law and Procedure*, (ed. 1957), vol. 4, sec. 1888, pág. 752, expone la regla general en la siguiente forma: "Cuando una acusación imputa la comisión de un delito que incluye un delito menor, u otro de un grado más bajo, el acusado puede ser convicto del delito menor, aunque se le exonere del mayor . . . La exposición de la regla implica necesariamente que el delito menor debe estar comprendido en el mayor por el cual se acusa y que los hechos expuestos para describir la comisión del delito mayor deben contener las alegaciones que son esenciales para constituir una imputación por el menor . . . Si el delito mayor incluye todos los elementos de hecho y los requeridos por la Ley en relación con el menor, el mayor incluye el menor; pero si el delito menor requiere algún otro elemento indispensable que no es parte del delito mayor, entonces el menor no está comprendido en el mayor." Véase *Pueblo* v. *Negrón*, 77 D.P.R. 782, 788–789 (1954) ; artículo 286 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 817;[3] 42 C.J.S. secs. 271 y 284; cfr. *Turpin* v. *State*, 114 S.W.2d 953 (Tenn. 1938) ; *State* v. *Small*, 293 S.W. 796 (Mo. 1927) ; *State* v. *Moon*, 283 S.W. 468 (Mo. 1926).

Bajo las disposiciones de un estatuto similar ([4]) al nuestro que define como delitos separados la administración de bancas de loterías (*felony*) y la posesión de material de dicho juego prohibido (*misdemeanor*), se ha sostenido en Florida la convicción por el delito menor bajo una acusación por el delito mayor, cuando los hechos imputados informan suficientemente al acusado que el hecho de la posesión es un elemento de la ofensa alegada. *Nelson* v. *State*, 83 So.2d

---

([3]) Dicho artículo lee en parte como sigue: "El jurado podrá declarar al acusado culpable de la comisión de cualquier delito necesariamente comprendido en el delito imputádole. . ."

([4]) F.S.A. (Supl. 1961) sec. 849.09.

687 (Fla. 1955), ratificado y distinguido en *Holliday* v. *State*, 104 So.2d 137, 140–141 (Fla. 1958).

Un examen de las acusaciones radicadas en estos casos demuestra que al acusado Ramos se le imputó administrar una banca de bolita, y que como tal administrador *"repartía* tickets o boletos impresos con números de tres cifras, que se usaban y pueden usarse en relación con los juegos ilícitos conocidos por bolita o Boli-Pool . . ." Innegablemente que entre los elementos de hecho incluidos en la exposición de la acusación se encuentra el de posesión de material. Siendo ello así, el acusado podía ser convicto por infringir la sección 4. Es claro que estaba suficientemente advertido de que se le acusaba de poseer material que repartía, y que en nada perjudicó sus oportunidades de defensa ya que ésta consistió en negar toda conexión con dicho juego ilícito. ■

El otro error imputado—interrogatorio del fiscal a un testigo de defensa sobre si había sido acusado de jugar bolita—no fue perjudicial. Independientemente de que el testigo en su contestación llevó la impresión al jurado de que no había sido convicto, del conjunto de la prueba no puede deducirse que se afectara al acusado, pues el propio fiscal aclaró que "la acusación, por sí sola, de un delito no tiene implicación legal." *Pueblo* v. *Archeval*, 74 D.P.R. 512 (1953).

*Se confirman las sentencias dictadas por el Tribunal Superior, Sala de Mayagüez, en 20 de junio de 1961.*

Así lo pronunció y manda el Tribunal y firma el señor Juez Presidente Interino.

(Fdo.) PEDRO PÉREZ PIMENTEL,
*Juez Presidente Interino.*

Certifico:

(Fdo.) IGNACIO RIVERA,
*Secretario.*