THE STATE OF OHIO, APPELLEE, *v.* MARCUM, APPELLANT.

[Cite as State v. Marcum, 18 Ohio App. 2d 190.]

(No. 9230—Decided March 11, 1969.)

*Mr. C. Howard Johnson*, prosecuting attorney, *Mr. David H. Bodiker* and *Mr. Andrew S. Wentworth*, for appellee.

*Mr. Richard S. Donahey, Jr.*, for appellant.

DUFFY, P. J. The defendant, appellant herein, was indicted for auto theft. The jury returned a verdict of "not guilty" to auto theft. They did find him guilty of a lesser included offense—operating a motor vehicle without the owner's consent. The trial judge sentenced the defendant to the Ohio Penitentiary for the term provided by law. From this sentence the defendant has appealed.

The defendant was indicted on one count of violating Section 4549.04 of the Revised Code, which reads as follows:

"No person shall commit any of the following acts:

"(A) Steal any motor vehicle;

"(B) Purposely take, drive, or operate any motor vehicle without the consent of its owner;

"(C) Buy or conceal any motor vehicle that has been stolen, knowing it to have been stolen;

"(D) Knowingly conceal a person who has stolen any motor vehicle."

He was indicted under subsection (A) but found guilty of violating subsection (B) of that section. The penalty for a violation of subsection (B) is found in Section 4549.99 (D), Revised Code, which reads as follows:

"Whoever violates divisions (A), (C), or (D) of Section 4549.04 of the Revised Code shall be imprisoned not

less than one nor more than twenty years for a first offense; for each subsequent offense such person shall be imprisoned not less than five nor more than thirty years. Whoever violates division (B) of Section 4549.04, Section 4549.041, or Section 4549.042 of the Revised Code shall be fined not more than five hundred dollars or imprisoned not more than six months, or both, for a first offense; for each subsequent offense such person shall be imprisoned not less than one nor more than twenty years.''

At the trial it was disclosed, and the court was advised before sentence, that the defendant had previously pleaded guilty to a charge of auto theft. There was nothing to indicate that he had ever had a prior conviction of division (B) of Section 4549.04, Revised Code. Because of the prior conviction of the offense of auto theft, the trial judge concluded he could sentence for a subsequent offense of operating a motor vehicle without the owner's consent.

It was the Legislature that declared the penalties for the various offenses. It treated subsection (B) of Section 4549.04, Revised Code, differently than it did subsections (A), (C), and (D) of the same section. This second-offense sentence refers only to subsection (B). The trial judge must take the law as he finds it. Had the Legislature wanted to include a prior auto theft conviction in the second-offense penalty section under (B), it could have done so. Since the record indicates only that this is the first conviction of operating a motor vehicle without the owner's consent, the defendant's point is well taken. The judgment will be reversed and the cause remanded for sentence according to law.

*Judgment reversed and cause remanded for resentencing.*

Troop and Cole, JJ., concur.

Cole, J., of the Third Appellate District, sitting by designation in the Tenth Appellate District.