EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO CONCEPCIÓN SÁNCHEZ, acusado y apelante.

*Número:* CR-72-47    *Resuelto:* 8 de enero de 1973

*Raúl M. Olmo Olmo,* abogado del apelante; *J. F. Rodríguez Rivera, Procurador General Interino, y Ruth. Tentori de Lebrón-Velázquez, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

El apelante fue acusado de los delitos de robo, y del de hurto de uso consistente en que actuando en concierto con otros, voluntaria, maliciosamente, a sabiendas, y con intención criminal, hurtaron un determinado vehículo de motor propiedad de Jaime Figueroa Rivera en determinado sitio y fecha, "privando de este modo a su legítimo dueño del libre goce y disfrute de su propiedad."

Visto el caso por tribunal de derecho, éste dictaminó que:

"En el caso de robo rebajado a hurto mayor el tribunal le impone el mínimo de uno a tres años y en el de hurto de uso noventa días de cárcel, los cuales cumplirá concurrentemente." Resulta que en el caso de robo el apelante hizo alegación de culpabilidad del delito de hurto mayor consistente, según la acusación, de haber sustraído de la persona de Jaime Figueroa Rivera una cartera conteniendo $80.00 y pedazos de billetes de la lotería (Art. 444a Código Penal—33 L.P.R.A. sec. 1700).

Apunta el apelante en este recurso, en síntesis, que en derecho se le acusó del delito de hurto por lo que no procedía condenarlo por el de hurto de uso ya que éste no está comprendido en el delito de hurto.

La Regla 147 de las de Procedimiento Criminal dispone que:

"El acusado podrá ser declarado culpable de la comisión de cualquier delito inferior necesariamente comprendido en el delito

que se le imputa; o de cualquier grado inferior del delito que se le imputa; o de tentativa de cometer el delito que se le imputa o cualquier otro delito necesariamente comprendido en él, o de cualquier grado que el mismo tenga, si tal tentativa constituye, por sí misma, un delito."

La acusación en este caso fue titulada como Hurto de Uso. Pero el lenguage de la misma lo que alega es un delito de hurto de un vehículo de motor. En el delito de hurto, la intención criminal de privar permanentemente al dueño de la propiedad hurtada es un elemento del delito aunque no es requisito indispensable que la acusación use la palabra "permanentemente" para que sea suficiente para imputar dicho delito. Código Penal Art. 426 (33 L.P.R.A. sec. 1681); *Pueblo* v. *Meléndez*, 64 D.P.R. 825 (1945). Por el contrario, el delito de hurto de uso se distingue del de hurto por el hecho de que consiste en tomar determinada propiedad, sin autorización de su dueño o de quien debidamente lo represente, con el objeto de usar la misma temporalmente. (Código Penal Art. 444a supra.)

La norma con respecto a cuándo se puede considerar un delito menor dentro de otro la expusimos en *Pueblo* v. *Ramos López*, 85 D.P.R. 576, 580 (1962). Dijimos en este caso que el delito menor debe estar comprendido en el mayor por el cual se le acusa y que los hechos expuestos para describir la comisión del delito mayor deben contener las alegaciones que son esenciales para constituir una imputación por el menor. Si el delito mayor incluye todos los elementos de hecho y los requeridos por la Ley en relación con el menor, el mayor incluye al menor; pero si el delito menor requiere algún otro elemento indispensable que no es parte del delito mayor entonces el menor no está comprendido en el mayor. La prueba para determinar si un delito está incluído en otro es determinar si no se puede cometer el primer delito sin que necesariamente se cometa el segundo. *State* v. *Sutton*, 452 P.2d 110 (Ariz. 1969). En *People* v. *Francis*, 450 P.2d 591

(Cal. 1969) el tribunal dijo que "Antes de que se pueda decir que un delito menor constituye una parte necesaria de uno mayor, todos los ingredientes legales del *corpus delicti* del delito menor deben estar incluidos en el mayor; el delito menor debe ser parte de hecho, del mayor, además de estar enmarcado dentro de la definición legal del mayor como parte del mismo."

Así, en *Ramos López*, supra, concluimos que el delito de poseer y transportar material de bolita estaba incluido en el delito de actuar ". . . como administrador de bancas de 'Boli-Pool' " y como tal repartir ". . . tickets y boletos impresos con números de tres cifras que se usaban y pueden usarse en relación con los juegos ilegales conocidos por Bolita o 'Boli-Pool' . . . ." La acusación en ese caso advirtió al acusado suficientemente de que se le acusaba de poseer el material que repartía.

El los casos de hurto de vehículos de motor, la doctrina prevaleciente es que el delito de hurto de uso no es un delito menor incluido en el de hurto. *People* v. *Powell*, 46 Cal. Rptr. 417 (Dist. Ct. of App. 1965).

En *People* v. *Thomas*, 23 Cal. Rptr. 161 (1962) el Tribunal Supremo de California concluyó que el delito menor de tomar un vehículo sin permiso para usarlo u operarlo temporalmente no está incluido en el delito mayor de conducir o tomar un vehículo sin permiso, con la intención de privar a su dueño de su título o posesión, bien permanente o temporalmente. Razonó el tribunal en este caso que el tomar el auto con la intención de privar a su dueño de su posesión no necesariamente es con el propósito de usarlo u operarlo temporalmente; que el dueño puede ser privado de su posesión de varias maneras que no requieren necesariamente que el acusado use u opere el vehículo; que en este caso se acusó por el delito mayor y el tribunal concluyó que en la forma en que se redactó la acusación el delito mayor pudo haberse cometido en una manera que no incluyera la comisión del delito menor;

que durante el juicio la posición del demandado respecto a la acusación coincide por lo menos en parte con la que acabamos de expresar. En este caso el acusado solicitó una instrucción con respecto al delito menor la cual propiamente se negó ya que no estaba incluido en el delito mayor alegado. Expresó el tribunal, además que el llamado estatuto de "paseo de placer" (joyride), que en nuestra jurisdicción denominamos hurto de uso, no requiere prueba de la intención de privar al dueño de su título, o posesión del vehículo como lo requiere el delito mayor alegado en la acusación y dijo que la acusación pudo haber sido redactada en términos que no sólo imputara el delito de hurto de automóvil, sino que incluyera la imputación del delito de hurto de uso, cosa que no se hizo. Véase sin embargo, *People* v. *Pater*, 73 Cal. Rptr. 823 (Cal. Ct. App. 1968). Véanse, además, *State* v. *Piper*, 477 P.2d 940 (Kan. 1970); *Hutchins* v. *State*, 321 S.W.2d 880 (Texas Crim. App. 1959); *State* v. *McCrary*, 139 S.E.2d 739 (N.C. 1965). Véanse *People Ex Rel Leonard* v. *Papp*, 194 N.W.2d 693 (Mich. 1972); *State* v. *Marcum*, 247 N.E.2d 864 (Ohio App. (1969)); *State* v. *Wall*, 157 S.E.2d 363 (N.C. 1967); *State* v. *Jackson*, 420 P.2d 270 (Ariz. 1966); *Wilcox* v. *State*, 183 So.2d 555 (Fla. Ct. App. 1966); *Pickens* v. *State*, 366 S.W.2d 283 (Ark. 1963); *State* v. *Dancyger*, 143 A.2d 753 (N.J. Sup. Ct. 1958).

No obstante lo expuesto, no creemos que debamos adoptar la doctrina previamente relacionada. A nuestro juicio, el hurto de uso de un vehículo está comprendido dentro del delito mayor de hurto pues el elemento esencial de ambos es el privar al dueño de una propiedad de la posesión de la misma en contra de su voluntad. El que sea con intención de privar al dueño de dicha posesión permanentemente o temporalmente son circunstancias que van dirigidas más bien a la determinación del grado del delito.

En *Stewart* v. *State*, 187 So.2d 358, 362 (Fla. DC App. 1966) luego de citar sustancialmente la norma que citamos en

*Ramos López,* supra, para determinar cuándo es que se puede considerar que un delito menos grave está comprendido en otro mayor, dijo el tribunal que "no tenemos dificultad en concluir que el delito menos grave de usar un vehículo (temporalmente) sin el consentimiento del dueño es un delito menor comprendido dentro . . . del delito (*felony*) de tomar, hurtar y llevarse un determinado vehículo de motor".

■ En *Pueblo* v. *Rodríguez Vallejo,* 100 D.P.R. 426 (1972) indicamos que no debemos favorecer las escapatorias técnicas (*loopholes*) como la que apunta el apelante, máxime cuando en este caso no se ha causado perjuicio sustancial a dicha parte, sino que, por el contrario salió beneficiado al encontrársele culpable del delito menor.

A la luz de lo expuesto veamos ahora las circunstancias de este caso.

1—En primer lugar la acusación titulada hurto de uso pretendió alegar un delito de hurto, o sea, que el apelante hurtó el vehículo del Sr. Figueroa privándolo así de su libre goce y disfrute.

2—La prueba de cargo en este caso resumida correctamente por el Procurador General, es la siguiente:

". . . el día de los hechos el perjudicado, Jaime Figueroa Rivera, se encontraba en un lugar público dándose unos tragos y jugando billar en compañía de su primo. A estos se unieron el acusado y el coacusado. Al ser informados que el negocio iba a cerrar, por ser ya entrada la noche, el grupo decidió trasladarse a otro negocio. Durante la noche el acusado-apelante se hizo pasar, ante el perjudicado, como que él era 'Pito' Caraballo, jinete de caballos de carreras. Por tal razón el perjudicado invitó al grupo a ir a la casa de un tal Jesús M. Iglesias, quien era compañero de trabajo de la víctima y además había sido el entrenador de Pito Caraballo y le entregó las llaves de su auto al presunto jockey—el acusado-apelante—porque él entendió que no estaba en condiciones de manejar ya que había ingerido licor. Al llegar a la casa de Iglesias le indicó al acusado que detuviera allí el automóvil pero el acusado apelante, en lugar de parar aceleró la marcha del vehículo.

Por la anterior conducta del acusado-apelante, el perjudicado se percató que lo iban a asaltar. Procedió entonces a quitar las llaves de la ignición del vehículo y al éste detenerse se bajó y se llegó hasta el baúl del auto de donde sacó un resorte de hacer ejercicios, el cual usó para defenderse del ataque del acusado y del coacusado. Estos le atacaron, le sacaron la cartera, las llaves del vehículo, se echaron a correr y se montaron llevándose el auto. El perjudicado tuvo que caminar a pie hasta la casa de su amigo Jesús M. Iglesias.

La explicación que dio el acusado-apelante en la silla testifical al efecto de que se había llevado el automóvil del perjudicado porque éste los 'quería dejar a pie', no le mereció crédito alguno al juzgador."

El vehículo fue encontrado abandonado a las 6 de la mañana por la policía y llevado hacia una estación policíaca donde fue entregado a su dueño.

3—Al terminar de pasarse la prueba de cargo, la defensa solicitó la absolución perentoria del acusado-apelante porque:

"¿Cuál es la prueba que hay aquí? Viene un testigo y se sienta y dice que le quitaron el automóvil, que le dieron patadas y se quedó inconsciente, y como no sabe más nada, que le llevaron el carro. Entonces viene el señor policía y nos cuenta que se le volvió a entregar. No, nosotros no creemos que aquí se ha probado este caso. No hay ni siquiera la intención que es el elemento del delito y eso yo se lo había indicado anteriormente al Tribunal."

El Tribunal declaró sin lugar dicha moción. Al finalizar el caso volvió la defensa a sostener que la acusación no imputa el delito de hurto de uso. Dijo el tribunal de instancia:

". . . El compañero alega que en la denuncia no se dice específicamente que él tenía intención de utilizar el vehículo temporalmente. El Tribunal entiende que la denuncia tal como está redactada la acusación contiene los elementos necesarios para imputar un delito de hurto de uso en este caso y con la prueba presentada definitivamente surge claramente que lo usaron temporalmente ya que el mismo se encontró abandonado y no hay explicación ninguna de que él haya llegado al Tribunal para explicar qué pasaba que el vehículo apareció abandonado, y de lo cual se

dedujo que hubo una intención temporalmente para tener dicho vehículo, cuando surge claramente que debió haberse radicado una acusación de hurto grave, pues también están los elementos porque este señor tomó este vehículo sin el consentimiento del dueño porque lo abandonó. Sabemos que apareció unas cuantas horas más tarde, por lo cual procedimos definitivamente a base de la prueba de que disfrutó temporalmente de ese vehículo por el motivo que fuera."

4—Sostiene el Procurador que:

" . . . Aunque bien es cierto que en la acusación no se alegó que el apelante hurtó el vehículo con el objeto de usar el mismo temporalmente, ello no le causó perjuicio sustancial que vulnere en forma alguna los derechos fundamentales del acusado-apelante. Por el contrario salió beneficiado ya que de la relación de los hechos se desprende que la conducta delictuosa del apelante fue de índole grave—hubo violencia entre los coacusados y el perjudicado en el acto de la sustracción."

A nuestro juicio no debemos aplicar a casos como éste la doctrina prevaleciente de que el delito de hurto de uso no es un delito menor incluido en el delito mayor de hurto. Como indicamos previamente, los elementos de hecho constituyentes de los delitos de hurto y de hurto de uso incluyen el ingrediente de que el objeto de tomar el vehículo sea su uso contra la voluntad de su dueño.

Por los fundamentos previamente expuestos *debe confirmarse la sentencia dictada en este caso por el Tribunal Superior, Sala de San Juan en 2 de julio de 1970.*